THOMPSON LAW, LLC
Colin M. Thompson, F0221
PMB 917, Box 10001
J.E. Tenorio Building
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Plaintiffs*

FILED
Clerk
District Court

JUL 1 7 2019

for the Northern Mariana Islands
By _____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

CV 19-00013

| | |
|---|---|
| CHIMENG SCIENCE & TECHNOLOGY CO. LTD. and JUNJIE WU, <br><br> Plaintiffs, <br><br> -vs- <br><br> BLACK BISON TRAVEL CORP., JILI CORP, and DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO. 19- <br><br><br><br> COMPLAINT |

**COMES NOW,** Plaintiffs, Chimeng Science & Technology Co. Ltd., and Junjie Wu by and through counsel, pursuant to claims for fraud; conversion; fraudulent transfers; declaratory and equitable relief, including a preliminary injunction; alleges based on information and belief as follows:

## PARTIES

1. Plaintiff Chimeng Science & Technology Co. Ltd. ("CST") is, and at all relevant times was, a corporation formed under the laws of the People's Republic of China, with its principal place of business in China.

2. Plaintiff Junjie Wu ("Mr. Wu"), an individual residing in the People's Republic of China, is the president, shareholder, and corporate representative of CST.

3. Defendant Ji Li Corporation ("Ji Li") is a corporation formed under the laws of the CNMI, which through acts of fraud and wrongdoing, had its corporate name changed to Black Bison Travel Corporation.

4. Defendant Black Bison Travel Corporation ("Black Bison") is existing as a CNMI corporation, which through acts of fraud and wrongdoing is the current name for Ji Li.

5. Defendant Does 1 through 10 are entities and individuals whose identity is currently unknown to Plaintiffs, but who are liable to Plaintiffs for the actions and claims, as set forth below. The true names of those defendants will be substituted for their Doe names once determined.

## **JURISDICTION**

6. This Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 USCA § 1332, as the plaintiff and defendants have complete diversity of citizenship because no defendant has the same citizenship as plaintiff, and the amount in controversy exceeds $75,000.00.

7. This Court has personal jurisdiction over each defendant based on their respective of joint: (1) presence in the CNMI; (2) engagement in business and transactions in the CNMI, including those that are at issue in this case; (3) ownership of shares of a corporation formed in the CNMI, including those that are at issue in this case; (4) minimum contacts with the CNMI; (5) purposeful activities directed to the

CNMI through or against plaintiff CST; and/or (6) conduct giving rise to damages occurring in the CNMI.

8. Because of defendants' illegal actions, CST has been damaged more than $200,000.

9. This Court's exercise of personal jurisdiction over each defendant is reasonable and fair, as alleged in further detail herein.

## BACKGROUND FACTS

10. On October 25, 2011, Ji Li Corporation was established. In late 2016, Mr. Wu, on behalf of CST, made the decision to invest in Ji Li. At this time CST began paying all employee salaries, purchased vehicles, made improvements to buildings and fixtures as well as making other investments in Ji Li.

11. On June 11, 2017 a Ji Li special board of director's meeting was held. At this meeting it was resolved that the company would accept a $200,000 investment from CST making it the holder of 200,000 shares of Ji Li. It was further resolved that Mr. Wu was elected the President and Treasurer of Ji Li.

12. On August 26, 2017, Long Fang Liu transferred 50,000 shares of Ji Li to Hai Ying Jiang ("Ms. Jiang"). On this same day there was a Ji Li special board of director's meeting. At this meeting it was resolved that Ms. Jiang was elected as Vice President of Ji Li.

13. On March 21, 2018 a Ji Li special board of director's meeting was held. At this meeting it was resolved to change the company name from Ji Li Corporation to Black Bison Travel Corporation. The meeting minutes indicate that the meeting was

called by Mr. Wu; however, Mr. Wu never called this meeting and his signature on the meeting minutes was forged by the Defendants.

14. On April 10, 2018 a Ji Li special board of director's meeting was held. At this meeting it was resolved to amend the Ji Li Articles of Incorporation to change the company name to Black Bison Travel Corporation. Mr. Wu never attending this meeting and his signature on the meeting minutes was forged by the Defendants.

15. On April 11, 2018 a new Certificate of Incorporation was issued by the CNMI Registrar of Corporations certifying that the Articles of Incorporation were amended, and the new company name was Black Bison Travel Corporation.

16. On April 12, 2018 a transfer of shares document was executed wherein it shows that CST transferred its 200,000 company shares to Ms. Jiang for $200,000. Mr. Wu never transferred any shares from CST to Ms. Jiang and his signature on this document was forged by the Defendants.

17. On April 12, 2018 special board of director's meeting was held. At this meeting it was resolved that the company accepted the transfer of 200,000 shares from CST to Ms. Jiang. It was further resolved to change the company's First Hawaiian Bank account name from Ji Li Corporation to Black Bison Travel Corporation. Mr. Wu never attending this meeting and his signature on the meeting minutes was forged by the Defendants.

18. On April 12, 2018 another special board of director's meeting was held. At this meeting it was resolved that the company accepted the transfer of 200,000 shares from CST to Ms. Jiang and that Ms. Jiang decided to increase her investment into the company from $50,000 to $450,000. It was further resolved to increase the company's

common stock to 500,000. It was further resolved to accept Mr. Wu's $50,000 investment into the company. It was further resolved to elect Ms. Jiang as President/Treasurer and Mr. Wu as Vice President. It was further resolved to amend the Articled of Incorporation of Ji Li Corporation to change the company name to Black Bison Corporation. Mr. Wu never attended this meeting and his signature on the meeting minutes was forged by the Defendants. There is a notarial stamp and certification on these meeting minutes, but only for the signatures of Ms. Jiang and Lam.

19. On April 12, 2018 an amended Articles of Incorporation was created by the company. Article One of these amended articles indicate that the name of company is Black Bison Travel Corporation. Article Six was amended to show that Ms. Jiang holds 450,000 shares and that Mr. Wu hold only 50,000 shares. Although his signature appears on this amendment, Mr. Wu never signed it and his signature was forged by the Defendants.

20. Defendants forged a letter of resignation dated September 10, 2018 purportedly from Mr. Wu resigning as an officer and director of Black Bison. Mr. Wu never created this letter and he did not sign this letter. Mr. Wu's signature was forged by the Defendants.

21. On September 20, 2018 a Black Bison special shareholders meeting was held. At that meeting it was resolved Mr. Wu's 50,000 shares in Black Bison were transferred to Ms. Jiang. It was further resolved to accept the resignation of Mr. Wu as an officer and director of Black Bison. Mr. Wu never attended this shareholder meeting and he never agreed to any of the resolutions.

### FIRST CAUSE OF ACTION

## (FRAUD)

22. Paragraphs 1 through 21 are incorporated as though fully set forth herein.

23. By forging the signatures of Mr. Wu as the CST representative and in his individual capacity without authorization to transfer Plaintiffs' corporate shares and other corporate records, and engaging in other acts alleged in detail in this Complaint, Defendants have made numerous false statements of fact and have been engaged in an ongoing fraudulent enterprise of which Plaintiffs were the victims.

24. The statements, actions, and course of conduct were known by Defendants to be false and fraudulent when made.

25. The false and fraudulent acts and statements made by Defendants were made for the purpose of inducing Plaintiffs to act or refrain from acting in reliance thereon.

26. Plaintiffs justifiably relied and acted or omitted to act upon Defendants' false and fraudulent acts and statements, and have been irreparably harmed and damaged as a result.

27. Defendants' actions and statements as alleged herein constitute an actionable fraud.

28. If Defendants are not enjoined, they will continue to engage in fraudulent conduct, causing further irreparable harm to Plaintiffs.

29. Because of Defendants' fraud, Defendants should provide an accounting for, and should be ordered to disgorge, any and all profits wrongfully obtained as a result of their fraud.

30. Because Defendants acted willfully, wantonly, and with malice, Plaintiffs are entitled to punitive damages in an amount sufficient to deter Defendants from engaging in similar conduct in the future.

31. Plaintiffs have been required to hire attorneys to bring this action for damages and are entitled to recover reasonable attorney fees and costs incurred in doing so.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

(a) Enter judgment in favor of Plaintiffs and against Defendants in an amount sufficient to compensate Plaintiffs for their actual damages;

(b) Award Plaintiffs punitive damages as a result of Defendants' willful, wanton, and malicious misconduct;

(c) Afford Plaintiffs a trial by jury;

(d) Enjoin Plaintiffs from fraudulently obtaining profits or any other benefits from the investments of Plaintiffs;

(e) For consequential damages in an amount to be determined at trial;

(f) For attorneys' fees and costs; and

(g) For such other and further relief as this Court may deem equitable and just.

## SECOND CAUSE OF ACTION

### (CONVERSION)

32. Paragraphs 1 through 31 are incorporated as though fully set forth herein.

33. In the alternative, if it is determined that Plaintiffs and any Defendant did not have an enforceable agreement, then Defendant has exercised unauthorized dominion

over funds belonging to Plaintiffs, which Plaintiffs paid to finance Ji Li and to become a shareholder in Ji Li.

34. Plaintiffs have the right of possession for the funds, and Defendants' failure or refusal to refund or return the compensation paid by Plaintiffs has resulted in damages to Plaintiffs and conversion on the part of the Defendants.

35. As a result of the actions of the Defendants, the Plaintiffs were damaged and are entitled to general and special damages.

36. The Plaintiffs have been required to hire attorneys to bring this action for damages and are entitled to recover reasonable attorney fees and costs incurred in doing so.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

(a) For compensatory damages in an amount to be determined at trial, but not less than $200,000.00, plus accrued interest;

(b) For consequential damages in an amount to be determined at trial;

(c) For attorneys' fees and costs; and

(d) For such other and further relief as this Court may deem equitable and just.

## THIRD CAUSE OF ACTION

## (GOOD FAITH AND FAIR DEALING)

37. Paragraphs 1 through 36 are incorporated as though fully set forth herein.

38. Defendants owed Plaintiffs duties pursuant to the covenant of good faith and fair dealing, which arise from every contract.

39. Defendants breached the duty it owed to Plaintiffs by forging the signatures of Mr. Wu and wrongfully and fraudulently transferring Plaintiffs' shares to Ms. Jiang.

40. As a result of the actions of the Defendants, the Plaintiffs were damaged and are entitled to general and special damages.

41. The Plaintiffs have been required to hire attorneys to bring this action for damages and are entitled to recover reasonable attorney fees and costs incurred in doing so.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

(a) For compensatory damages in an amount to be determined at trial, but not less than $200,000.00, plus accrued interest;

(b) For consequential damages in an amount to be determined at trial;

(c) For attorneys' fees and costs; and

(d) For such other and further relief as this Court may deem equitable and just.

## FOURTH CAUSE OF ACTION

## (ACCOUNTING)

42. Paragraphs 1 through 41 are incorporated as though fully set forth herein.

43. Defendants' have a duty pursuant to the parties written and oral agreements, as well as imposed by law, to allow Plaintiffs to examine, inspect, and receive the corporate-defendants' financial information, including books, records, and accounts.

44. Defendants have diverted, misappropriated and converted hundreds of thousands of dollars from Plaintiffs without accounting for the funds or for Plaintiffs' ownership interests in the resulting investments and businesses.

45. As a result, Defendants owe restitution, reimbursement, and equity payments to Plaintiffs in an amount unknown to Plaintiffs and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements, and books from the Defendants.

46. Since March of 2018, Defendants have concealed their business activities from Plaintiffs and ceased providing Plaintiffs with any information or documentation relating to the business activities, in which Plaintiffs, at the very least, an 80% owner.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, as follows:

For an accounting and audit of any and all funds, payments, and contributions made by Plaintiffs to any of the Defendants or Defendant-entities;

(a) For an accounting and audit of all business records, formation and incorporation documents, revenue statements, profit & loss statements, bank records, asset information, rents, loans, debts, and income, relating to, or arising from, any corporation, investment, or business in which Defendants have or had an ownership interests, jointly or severally, since 2017;

(b) For compensatory damages in an amount to be determined at trial, but not less than $200,000.00, plus accrued interest;

(c) For consequential damages in an amount to be determined at trial;

(d) For attorneys' fees and costs; and

(e) For such other and further relief as this Court may deem equitable and just.

## FIFTH CAUSE OF ACTION

## (DECLARATORY JUDGMENT)

47. Paragraphs 1 through 46 are incorporated as though fully set forth herein.

48. Pursuant to the parties written and oral agreements, Plaintiffs are entitled to a minimum of 80% ownership interest, with all rights thereto, in Ji Li.

49. Plaintiffs contributed most, if not all, of the capital, labor, and funds used to purchase vehicles, equipment, make renovations, pay employee salaries and to sustain the Ji Li tour businesses.

50. Defendants contributed virtually no capital, labor, or funds used to purchase the vehicles, equipment, make renovations, pay employee salaries and to sustain the Ji Li tour businesses, nevertheless, they have effectively converted and misappropriated Plaintiffs' ownership interests in the tour businesses through a series of fraudulent acts and other illegal misconduct.

51. Defendants fraudulently forged Mr. Wu's signatures as the representative of CST and individually to unlawfully transfer the Plaintiffs' corporate shares to Ms. Jiang to the deliberate exclusion of Plaintiffs' ownership rights and interests in Ji Li.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, as follows:

(c) Declaring Plaintiff an 80% owner of Ji Li Corporation and the holder of an 80% ownership interest in each of the corporate-defendants along with all the rights of ownership imposed by law or otherwise enjoyed by the Defendants;

(d) Directing Defendants to amend any formation, incorporation, and/or registration documents filed with any governmental agency or otherwise prepared in connection

with any of the corporate-defendants to reflect Plaintiffs' ownership interests as set forth herein;

(e) Temporarily, preliminarily, and permanently enjoining and restraining Defendants from taking any action to impair, limit, impede, reduce, dilute, divert, misappropriate, conceal, or convert Plaintiffs' ownership interests at set forth herein;

(f) For attorneys' fees and costs; and

(g) For such other and further relief as this Court may deem equitable and just.

## SIXTH CAUSE OF ACTION

## (UNJUST ENRICHMENT)

52. Paragraphs 1 through 51 are incorporated as though fully set forth herein.

53. In the alternative, if it is determined that Plaintiffs and any Defendant did not have an enforceable agreement then Defendants have been unjustly enriched.

54. Plaintiffs provided, directly or through their agents, affiliates or subsidiaries, Defendants with money for investment in Ji Li for vehicles, equipment, to make renovations, pay employee salaries and to sustain the business.

55. Defendants have obtained the money paid by Plaintiffs or on behalf of Plaintiffs unjustly and without Plaintiffs receiving any benefit.

56. As a result of the actions of the Defendants, the Plaintiffs were damaged and are entitled to general and special damages.

57. The Plaintiffs have been required to hire attorneys to bring this action for damages and are entitled to recover reasonable attorney fees and costs incurred in doing so.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, as follows:

For an accounting and audit of any and all funds, payments, and contributions made by Plaintiffs to any of the Defendants or Defendant-entities;

(a) For an accounting and audit of all business records, formation and incorporation documents, revenue statements, profit & loss statements, bank records, asset information, rents, loans, debts, and income, relating to, or arising from, any corporation, investment, or business in which Defendants have or had an ownership interests, jointly or severally, since 2017;

(b) For compensatory damages in an amount to be determined at trial, but not less than $200,000.00, plus accrued interest;

(c) For consequential damages in an amount to be determined at trial;

(d) For attorneys' fees and costs; and

(e) For such other and further relief as this Court may deem equitable and just.

## SEVENTH CAUSE OF ACTION
## (FRAUDULENT TRANSFERS)

58. Paragraphs 1 through 57 are incorporated as though fully set forth herein.

59. Defendants transferred funds procured from Plaintiffs with actual intent to hinder, delay or defraud Plaintiffs.

60. On information and belief, Defendants have otherwise concealed or absconded with Plaintiffs' funds.

**WHEREFORE**, Plaintiffs pray for relief against Defendants as follows:

(a) That Plaintiffs be awarded general and special damages in an amount to be proven at trial against Defendants.

(b) That Plaintiffs be awarded punitive and exemplary damages.

(c) That Plaintiffs be awarded costs of this action, and reasonable attorney's fees; and

(d) For such other and further relief as this Court deems just and proper.

Dated this 17th day of July, 2019

/s/ Colin M. Thompson
**THOMPSON LAW, LLC**
Colin M. Thompson
CNMI Bar No. F0221
*Attorney for Plaintiffs*